ALEXANDER B. ALLEN, WHO PROSECUTES FOR THE
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF HUNTERDON, v. EDWARD HUMPHREY ET AL.

Submitted December 8, 1906—Decided February 25, 1907.

A person who sues as a taxpayer for the recovery of a claim or de-
mand due to the county in which his taxes are paid, must exhibit
in his declaration the authority by virtue of which he assumes to
represent the county.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and GARRETSON.

For the plaintiff, *Richard S. Kuhl.*

For the demurrants, *Samuel S. Swackhamer, William C.
Gebhardt* and *George H. Large.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an action brought by
the plaintiff against the sureties upon the official bond given
by H. Eugene Park, deceased, late county clerk of the county
of Hunterdon, to the State of New Jersey, in compliance
with the provision of the act of April 17th, 1846.   The pur-
pose of the suit is to recover for certain alleged breaches in
the condition of that instrument.   The declaration sets out
that the plaintiff prosecutes for the board of chosen free-
holders of the county of Hunterdon, but fails to disclose any
authority conferred upon him for the purpose, and the first
ground of demurrer rests upon this omission.

It is stated in the brief of counsel that an order allowing
plaintiff to prosecute the action was made under the forty-
fourth section of the revised Practice act (*Pamph. L.* 1903,
*p.* 547), which provides that "if the board of chosen free-
holders of any county * * * shall fail to prosecute any
claim or demand of such county, * * * any court in

which an action on such claim or demand is cognizable, or a judge, may, upon terms, allow any taxpayer of such county * * * to institute and prosecute an action upon such claim or demand in the name of and on behalf of such county * * * if in the opinion of the court or judge the interests of such county * * * would be promoted thereby." It seems hardly necessary to point out that in determining the sufficiency of a pleading the assertion of counsel as to the existence of a material fact cannot be permitted to be substituted for an averment of that fact in the pleading itself. Nor is it necessary to cite authority for the proposition that a person other than him in whom a right of action originally exists has no standing to enforce that right in a court of justice except power to do so has been legally conferred upon him. The failure of the declaration to disclose any right in the plaintiff to represent the board of freeholders in this action renders that pleading fatally defective, and for this reason the demurrer must be sustained. A consideration of the other causes of demurrer specified is therefore rendered unnecessary.

It seems to have been assumed, in the arguments of counsel on both sides, that a cause of action arising out of breaches of the condition of the bond of a county clerk is one which may be prosecuted by a party appointed for the purpose under the authority conferred by the provision of the Practice act above cited—in other words, that the right of action resides primarily in the board of freeholders of the county. It is to be observed that the obligee of the bond is the State of New Jersey, and the statute which requires it to be given directs it to be filed, not with any officer of the county, but with the secretary of state, to be kept among the public papers of his office. *Gen. Stat., p.* 839, § 9. Whether, in the absence of statutory authority providing otherwise (and we have found none in the cursory examination which we have made), the right to maintain an action for breaches thereof does not rest exclusively in the state, is a matter which should receive the consideration of counsel, in case the further prosecution of this suit shall be contemplated.